**P G PUBLISHING CO v
RUDOLPH WURLITZER CO**

Ohio Appeals, 1st Dist, Hamilton Co

No 4834.   Decided July 1, 1935

Taft, Stettinius & Hollister, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

## OPINION

### By MATTHEWS, J.

At the trial the plaintiff introduced in evidence a "written agreement." This writing did not bind the defendant to use any amount of advertising space or to pay for any particular amount. In it are stated certain terms to be applied to such advertising as the defendant might publish during the year in the plaintiff's newspaper. No obligation on the part of the defendant arose unless and until it ordered a definite amount of advertising to be published by the plaintiff. To the extent of the order or orders the element of uncertainty would be removed and contractual obligation created. The writing itself was no more than an offer. Restatement of Law of Contracts, §33. The plaintiff did not claim that the defendant was bound by this writing or in any other way to do any advertising other than by orders given in accordance with which the advertising matter furnished had been published. The action was, therefore, limited to an action to recover an unpaid balance on such advertising as the defend-

ant had actually done. It was not an action for breach of contract by failing to furnish copy or in any respect than for failure to pay for space used.

At the trial it developed that the only dispute was as to the price. The writing which was introduced contained these provisions on that subject:

"3. All display advertising ordered by party of the first part or its representatives and published in the Pittsburgh Post-Gazette during the term of this contract will be charged and paid for on the milline base rate of $0.95 for not less than 250,000 agate lines per year in accordance with paragraph 4 of this agreement.

"SCHEDULE OF RATES FOR THE PITTSBURGH POST-GAZETTE.

250,000 to 299,999 agate lines   Basic Rate
200,000 to 249,999 agate lines, Add 1c to Basic Rate.
150,000 to 199,999 agate lines, Add 2c to Basic Rate.
100,000 to 149,999 agate lines, Add 3c to Basic Rate.
75,000 to 99,999 agate lines, Add 4c to Basic Rate.
50,000 to 74,999 agate lines, Add 5c to Basic Rate.
25,000 to 49,999 agate lines, Add 6c to Basic Rate."

"7. Space on this contract will be billed monthly on the basis of 25,000 agate lines per year. If at the end of the contract year a lower rate has been earned, the party of the second part agrees to rebate the difference between the rate charged and the rate earned. If the space used within the year is less than the amount required to secure the rate billed monthly, the difference between the rate billed and the rate earned will be charged in accordance with the above mentioned schedules."

It is manifest that the parties by this writing reached no agreement as to rates to apply to less than 25,000 agate lines. Without binding the defendant to a minimum of 25,000 lines of advertising, the parties made no provision as to the price for less than 25,000 lines. There being no written agreement covering the situation that actually arose, the parol evidence rule could and can have no application. The parties certainly cannot be said to have integrated their acts into a writing when the writing makes no mention of such acts. There was at most a partial integration. Restatement of Law of Contracts, §229. Of course, the writing was competent and relevant as to the terms set forth in it, but

from the necessity of the situation additional terms on a subject not referred to in the writing could only be proven by evidence extrinsic of the writing. If there was an actual agreement as to the rate for space under 25,000 lines, that rate would control. If there was no actual agreement, then the law would imply a reasonable rate, in other words, a recovery could be had upon a quantum meruit. Pleading an actual or express agreement and proving only circumstances from which an agreement will be implied, is not a fatal variance. Recovery can be had in the action on the implied agreement, perhaps without, certainly with, amendment of the pleadings to conform to the proof. Bates on Pleading (4th ed.) §§476c and 510; Pomeroy's Code Remedies (5th ed.) p. 711; Sussdorf v Schmidt, 55 N. Y., 319, at 324.

Now the plaintiff alleged an actual agreement. If there was an actual agreement as to rate for less than 25,000 lines, it would control. The burden was upon the plaintiff to prove it. In discharging this burden it had the right to avail itself of all relevant evidence. This included what was said between the parties, and all the facts and circumstances surrounding them at the time. If what was said at the time was rendered intelligible by reference to a prior contract, then that contract or the written evidence of it was competent and relevant. This is also true of a schedule of short rates published by the plaintiff and brought to the attention of the defendant in any way at the time.

We are therefore of opinion that the prior contract—(Exhibit 2)—and the Schedule—(Exhibit 3)—were competent in connection with other facts and circumstances, and are probative to the extent, if any, that they show what the actual agreement as to short rates was.

The witnesses who negotiated this contract failed to state what was said or its substance. Conclusions are stated and we are unable to say from the record whether the witnesses intended to be understood as saying that such conclusions constituted the substance of a conversation. The witnesses should have been required to testify to conversations with identified persons at specified times and places. This was not done, and as all this evidence was admitted over the objections and exceptions of the defendant, and we cannot say it referred to communications between the plaintiff and the defendant or their agents, we must hold that it was insufficient to sustain the finding of the trial court.

For these reasons, the judgment of the

Common Pleas Court, reversing the judgment of the Municipal Court of Cincinnati, is affirmed.

ROSS, PJ, and HAMILTON, J, concur.